**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DANH VAN NGUYEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-02668-JD |

**ORDER**

On September 28, 2026, Petitioner Danh Van Nguyen filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Pet.") [Doc. No. 1], in which he challenges his detention by immigration officials and seeks immediate release. For the reasons stated below, the Court dismisses without prejudice the petition as premature.[1]

## I. BACKGROUND

Mr. Nguyen, a Vietnamese immigrant, alleges that he was ordered removed from the United States on January 12, 2000, and released from detention in June 2004 to an Order of Supervision.[2] Pet. at 2.[3] He alleges that he was re-detained on August 4, 2026,

---

[1] The Court does not conclude that § 2241 is categorically unavailable to Mr. Nguyen, but only that his claims presented are not ripe for adjudication at this time.

[2] The Executive Office for Immigration Review ("EOIR") shows no future hearings scheduled for Mr. Nguyen and indicates that an immigration judge ordered him removed on January 12, 2000, and no appeal was received. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last accessed Oct. 14, 2026).

[3] The Court uses CM/ECF page numbering from the top of district court docket filings in this order.

and is currently housed at Diamondback Correctional Facility in Watonga, Oklahoma, which is within this judicial district. *Id.* at 2–3; *see also* 28 U.S.C. § 116(c).

On September 28, 2026, Mr. Nguyen filed his habeas petition, challenging the legality of his detention and seeking his immediate release. Pet. at 1. At the time of filing, Mr. Nguyen had been detained only 55 days, which is short of the six-month presumptively reasonable period identified by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## II. **ANALYSIS**

In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6) to contain an implicit temporal limitation because indefinite detention following a final order of removal "would raise serious constitutional concerns." 533 U.S. at 682. The Court held that detention for the first six months following the beginning of the removal period is presumptively reasonable. *Id.* at 701.

After that period, the habeas inquiry changes. If a detained noncitizen shows there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Here, however, the six-month presumptive period had neither expired when Mr. Nguyen filed this action nor has it expired to date.

Federal jurisdiction is determined based on the circumstances existing when the action is filed. "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Grp. L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539

(1824)); *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006) (same); *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (explaining that federal jurisdiction "is determined based on the facts as they existed at the time the complaint was filed"); *C&M Res., LLC v. Extraction Oil & Gas, Inc.*, 159 F.4th 755, 767 (10th Cir. 2025) (same).

The same principle has particular force in the § 2241 context. The Tenth Circuit has explained that habeas "jurisdiction attaches on the initial filing for habeas corpus relief . . . ." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). Similarly, the Eleventh Circuit has explained that the habeas facts at the time of filing apply. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (explaining that the "six-month period . . . must have expired at the time" the petitioner filed his § 2241 petition "in order to state a claim under *Zadvydas*").

While not binding on this Court, other district courts have determined that a § 2241 habeas petition filed before *Zadvydas*'s presumptive six-month period expires is premature. *See, e.g.*, *Karimov v. Grant*, Case No. CIV-26-305-PRW, 2026 WL 1082494, at *1 (W.D. Okla. Apr. 21, 2026) (concluding that the petitioner's due process claim under *Zadvydas* was premature and would not ripen for another four months); *Nunez Mora v. Warden, Otero Cnty. Processing Ctr.*, No. 2:26-cv-00928-DHU-JHR, 2026 WL 915219, at *2 (D.N.M. Apr. 3, 2026) (dismissing without prejudice the habeas petition and explaining that the petitioner may refile his claims for prolonged detention after expiration of the six-month period under *Zadvydas*); *Singh v. Blanche*, Civil Action No. 26-cv-00601-PAB, 2026 WL 936371, at *3 (D. Colo. Apr. 7, 2026) (denying the

petitioner's request for relief pursuant to *Zadvydas* because his claims were premature under both the 90-day removal period and the six-month period); *Santiago Ocanto v. Walker*, Civil Action No. 1:26-cv-01730-RMR, 2026 WL 1374207, at *3 (D. Colo. May 15, 2026) (denying without prejudice the petitioner's § 2241 habeas petition as premature and indicating the petitioner could file a new petition after the presumptive six-month period expired); *Jumadar v. Castro*, No. 2:26-cv-00159-KG-JMR, 2026 WL 392424, at *2 (D.N.M. Feb. 11, 2026) (denying the habeas petition without prejudice to its refiling after the *Zadvydas*'s presumptively reasonable six-month period expires); *Cordero v. Hagan*, Civil Action No. 1:26-cv-02027-CNS, 2026 WL 2533398, at *2 (D. Colo. July 14, 2026) (denying without prejudice the habeas petition where filed before the 90-day removal period and six-month period under *Zadvydas* had expired). The Court finds these cases persuasive.

Mr. Nguyen has been detained for less than six months. His *Zadvydas* claim is therefore not ripe. The Court does not express any view concerning the merits of a future petition. If Mr. Nguyen remains detained and believes that his circumstances subsequently satisfy the requirements of *Zadvydas*, he may file a new § 2241 petition based upon the circumstances existing at that time. *See Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004).

## III. CONCLUSION

In the end, this Court is limited to deciding cases and controversies, and a premature action is not yet ready for disposition. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (explaining that federal courts "are courts of

limited jurisdiction" and are limited by Article III of the Constitution to "cases" and "controversies" (citation omitted)). Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE as premature. A separate judgment will follow.

IT IS SO ORDERED this 15th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE